1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11   ANGEL MICHAEL NEILL,                Case No.:  23-CV-457 JLS (DEB)

12                            Plaintiff,
                                         **ORDER DENYING REQUEST FOR**
13   v.                                  **APPOINTMENT OF COUNSEL**

14   YMCA OF SAN DIEGO,                   (ECF No. 2)

15                            Defendant.

16

17        Presently before the Court is Plaintiff Angel Michael Neill's ("Plaintiff") Request

18   for Appointment of Counsel ("Req.," ECF No. 2).  Having carefully considered Plaintiff's

19   Request and the law, the Court **DENIES** Plaintiff's Request for the reasons that follow.

20                              **BACKGROUND**

21        Plaintiff, who is proceeding pro se, initiated this action on March 14, 2023, by filing

22   a Complaint utilizing this District's Form Complaint.  *See* ECF No. 1 ("Compl.").  He

23   subsequently filed some additional exhibits thereto (ECF No. 4) and an "Amend[ed]

24   Complaint" ("FAC," ECF No. 6).  Liberally construed, Plaintiff's pleadings appear to raise

25   one or more claims for employment discrimination under Title VII of the Civil Rights Act

26   of 1964 against Defendant YMCA of San Diego ("Defendant").  *See generally* Compl.;

27   FAC.  Plaintiff paid the requisite filing fees rather than moving to proceed *in forma*

28   *pauperis* ("IFP"), *see* ECF No. 1-4, and concurrently filed the instant Request, *see* Req.

**LEGAL STANDARD**

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Rather, the appointment of counsel in a civil case "is a privilege and not a right." *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citing *Wright v. Rhay*, 310 F.2d 687 (9th Cir. 1962)).  And, while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant in "exceptional circumstances," *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), "[a] finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell*, 935 F.2d at 1017 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

"The decision to request counsel pursuant to § 1915(e)(1) first requires that the plaintiff has been determined eligible to proceed pursuant to the IFP statute due to his indigency." *Moses v. U.S. Dist. Ct. S. Dist. of Cal.*, Civil No. 15-CV-01793 BEN (RBB), 2015 WL 13238665, at *2 (S.D. Cal. Nov. 20, 2015) (citing *Agyeman*, 390 F.3d at 1103). Although 28 U.S.C. § 1915(a) does not specify the qualifications for proceeding IFP, the plaintiff's affidavit must allege poverty with some particularity. *Escobeda v. Applebees*, 787 F.3d 1226, 1234 (2015).  Granting a plaintiff leave to proceed IFP may be proper, for example, when the affidavit demonstrates that paying court costs will result in a plaintiff's inability to afford the "necessities of life."  *Id.*  The affidavit, however, need not demonstrate that the plaintiff is destitute.  *Id.*

**ANALYSIS**

As Plaintiff is not proceeding IFP, he provides an "Affi[d]avit in Support of Request for Counsel" to demonstrate his inability to pay.  *See* Req. at 4–6 ("Aff."). Plaintiff declares under penalty of perjury that he is presently unemployed, *see id.* ¶ 4, and that he received

approximately $3,000 in wages from his prior employer during the preceding twelve months, *see id.* ¶ 7.  He has no other sources of income.  *See id.*  He declares that he has $5,186.75 in checking and savings accounts, *see id.* ¶ 8; that he owns two cars worth an estimated $7,000 combined, *see id.* ¶ 9; that his monthly expenses are approximately $1,050, *see id.* ¶ 12; and that his mother is dependent on him for support, *see id.* ¶ 10.  He also declares that he owes $2,639.47 in credit card debt.  *See id.* ¶ 11.

Regardless of whether Plaintiff is indigent such that he would be unable to afford both counsel to represent him in this matter as well as the "necessities of life," *Escobeda*, 787 F.3d at 1234, however, the Court finds that Plaintiff has failed to demonstrate exceptional circumstances warranting the appointment of counsel at this time.  Plaintiff indicates that he needs appointed counsel "to over look [his] documents and email and to fully examin[e] and help guide [him] through this court system to do the right thin[g] in this court to make [his] case effective." Req. at 3.  However, with this case in its infancy—Defendant having yet to appear, much less respond to the Complaint—"it is too early for the Court to determine [Plaintiff]'s likelihood of success on the merits."  *Clack v. San Diego Sheriffs Dep't*, No. 08CV0624 IEG (RBB), 2009 WL 413030, at *2 (S.D. Cal. Feb. 18, 2009) (noting that the court was unable to conclude that the plaintiff was likely to succeed even where the plaintiff's complaint survived IFP screening process).  Nor does Plaintiff assert, and the Court does not find, that the legal issues presented by the case are complex.  Indeed, although Plaintiff's Complaint and FAC are not models of clarity, the Court was able to parse the general claims Plaintiff is pursuing and assess its jurisdiction to hear the same.

In sum, Plaintiff has adequately litigated the case thus far, the case is still in its infancy, and the Court currently is unable to determine how likely Plaintiff is to succeed on the merits of his claims.  For these reasons, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time.  Accordingly, the Court **DENIES** Plaintiff's Request.  Should circumstances change, Plaintiff may be permitted to file another motion for appointment of counsel.

23-CV-457 JLS (DEB)

**CONCLUSION**

In light of the foregoing, the Court **DENIES** Plaintiff's Request for Appointment of Counsel (ECF No. 2).

**IT IS SO ORDERED.**

Dated:  March 29, 2023

Hon. Janis L. Sammartino
United States District Judge

23-CV-457 JLS (DEB)