UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL MICHAEL NEILL,<br><br>                       Plaintiff,<br>v.<br><br>YMCA OF SAN DIEGO,<br><br>                       Defendant. | Case No.: 23-CV-457 JLS (DEB)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>(ECF No. 13) |

      Presently before the Court is Defendant the YMCA of San Diego's Motion to Dismiss Plaintiff's First Amended Complaint ("Mot.," ECF No. 13); Defendant's Request for Judicial Notice in Support thereof ("RJN," ECF No. 13-1); and the Declaration of Mary P. Snyder in Support of Defendant's Motion and RJN ("Snyder Decl.," ECF No. 13-2). Plaintiff Angel Michael Neill filed a Response in Opposition to the Motion ("Opp'n," ECF No. 16) along with exhibits thereto (ECF Nos. 20, 21), and Defendant filed a Reply in Support of the Motion ("Reply," ECF No. 17). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 19.

/ / /

Having carefully reviewed Plaintiff's First Amended Complaint ("FAC," ECF No. 6) and its exhibits (ECF No. 8), the Parties' arguments, and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Request for Judicial Notice and **GRANTS** Defendant's Motion to Dismiss.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action on March 14, 2023, by filing a Complaint utilizing this District's Form Complaint ("Compl.," ECF No. 1). Liberally construed, the Complaint appeared to raise one or more claims for employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and California's Fair Employment and Housing Act ("FEHA"). *See generally* Compl. Specifically, the Complaint alleged that Plaintiff had suffered discrimination on the basis of his "gender, race, and medical disability" while he was employed by Defendant. *Id.* at 3. The Complaint also alleged that Plaintiff had been sexually assaulted by a coworker, Tyler Lamar. *See id.* at 2. The relief Plaintiff sought included (1) the reversal of a settlement agreement he entered into with Defendant; (2) an investigation into the alleged discrimination; and (3) an investigation into the alleged sexual assault. *Id.* at 4.

Plaintiff attached over 100-pages worth of exhibits to the Complaint. *See generally* ECF Nos. 1-3, 4. Among other documents, the exhibits included a "Notice of Right to Sue" issued by the U.S. Equal Employment Opportunity Commission ("EEOC"), ECF No. 1-3 at 1;[1] Plaintiff's "Confidential Mediation Brief" submitted to California's Civil Rights Department ("CRD"), *id.* at 10; pages of what appears to be a narrative written by Plaintiff, *see id.* at 49–72; and various records pertaining to Plaintiff's former employment with Defendant, *see generally* ECF No. 4.

Plaintiff then filed his First Amended Complaint ("FAC," ECF No. 6) on March 27, 2023. The FAC's allegations are narrower than those in the Complaint. The FAC does

---

[1] Pin citations to Plaintiff's exhibits (ECF Nos. 1-3, 4, 8, 20, 21) refer to the CM/ECF page numbers electronically stamped at the top of each page.

not reference any of the discrimination claims referenced in the Complaint, but instead focuses solely on Plaintiff's sexual assault allegation.  *See generally* FAC.  Somewhat confusingly, however, many of the exhibits Plaintiff provides with the FAC pertain to allegations included in the Complaint but omitted from the FAC.  *See generally* ECF No. 8.

Plaintiff also filed a Request for Appointment of Counsel (ECF No. 2), which this Court denied (ECF No. 7).  The instant Motion followed.

**REQUEST FOR JUDICIAL NOTICE**

Before ruling on Defendant's Motion to Dismiss, the Court must clarify which documents it may consider.  The Court thus turns to Defendant's RJN.

**I.     Legal Standard**

"Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure."  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).  "There are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201."  *Id.*

*A.     Incorporation-by-Reference Doctrine*

Under the first exception, a document "not attached to a complaint . . . may be incorporated by reference into a complaint if the plaintiff refers extensively to the document."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  "'[T]he mere mention of the existence of a document is insufficient to incorporate the contents of a document' under *Ritchie*."  *Khoja*, 899 F.3d at 1002 (quoting *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)).

A document may also be incorporated by reference into a complaint if it "forms the basis of the plaintiff's claim."  *Ritchie*, 342 F.3d at 908.  A document forms the basis of a claim where "the claim necessarily depend[s] on the [document]."  *Khoja*, 899 F.3d at 1002 (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)).  And a complaint "necessarily relies" on a document "if: (1) the complaint refers to the document; (2) the

document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citations omitted). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002.

When a document is incorporated by reference, "the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908. But "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Khoja*, 899 F.3d at 1003.

### B. Rule-based Judicial Notice

Meanwhile, pursuant to Federal Rule of Evidence 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Accordingly, '[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Khoja*, 899 F.3d at 999 (alteration in original) (quoting *Lee*, 250 F.3d at 689). "But a court cannot take judicial notice of disputed facts contained in such public records." *Id.* (citing *Lee*, 250 F.3d at 689).

## II. Analysis

Defendant requests that the Court consider two sets of documents in ruling on the Motion to Dismiss. The first group are documents previously filed by Plaintiff in this action, including his original Complaint and the exhibits attached thereto. RJN at 1–2. Defendant also requests judicial notice of four of its own exhibits ("RJN Exs. A–D"). *Id.* at 2. The Court addresses each request in turn.

///

///

### A. Plaintiff's Prior Filings

The Court will take judicial notice of Plaintiff's original Complaint pursuant to Federal Rule of Evidence 201(b). Generally, courts may take "judicial notice of court filings," as such records "are readily verifiable." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir.1998)). This includes documents "already before the Court." *Clifford v. Regents of Univ. of Cal.*, No. 2:11-CV-02935, 2012 WL 1565702, at *5 (E.D. Cal. Apr. 30, 2012), *aff'd*, 584 F. App'x 431 (9th Cir. 2014); *see also Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 1501452, at *1 (N.D. Cal. Apr. 10, 2013) (taking judicial notice of exhibits attached to plaintiff's original complaint "as a matter of public record"). Indeed, some courts find they may refer to filings already on their dockets without taking judicial notice. *See, e.g.*, *Elliott v. QF Circa 37, LLC*, No. 16-CV-0288-BAS-AGS, 2017 WL 6389775, at *3 (S.D. Cal. Dec. 14, 2017).

The above reasoning also supports Defendant's requests regarding the exhibits attached to the Complaint. The Court notes, however, that it "cannot take judicial notice of disputed facts contained in . . . public records." *Khoja*, 899 F.3d at 999. The Court thus takes judicial notice of the existence of the documents contained in Plaintiff's original exhibits, *see Lee*, 250 F.3d at 690, but *not* of "facts contained therein that may be subject to reasonable dispute," *Mortimer*, 2013 WL 1501452, at *1.

Accordingly, the Court **GRANTS** Defendant's RJN as to Plaintiff's original Complaint and its exhibits.

### B. Defendant's Exhibits

#### 1. Administrative Records

The Court also takes judicial notice of the existence of two of Defendant's exhibits, as they are "records and reports of administrative bodies" and thus the "proper subjects of judicial notice." *Elliott*, 2017 WL 6389775, at * 3 (citing *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)). These include an administrative charge filed

with the CRD[2] ("CRD Charge," RJN Ex. A), and a CRD "Notice of Intake Form Closure" for case number 202210-18602319 ("CRD Closure Notice," RJN Ex. D). But again, the Court only takes notice of the existence of these documents, not of disputed facts they may contain. *See Lee*, 250 F.3d at 689–90.

Defendant next asks the Court to take judicial notice of an email sent by the CRD to Plaintiff and Defendant relating to a November 23, 2022, mediation ("CRD Email," RJN Ex. B). Defendant seems to turn to the incorporation-by-reference doctrine here, pointing out that the FAC references the same mediation. RJN at 3. The Court notes, however, that the FAC references only "the mediation with the DHFE [sic]." FAC at 2. Even assuming the FAC and the CRD Email refer to the same mediation session, the FAC's brief mention of the event does not suffice to incorporate any document by reference. *See Khoja*, 899 F.3d at 1002. Indeed, the FAC makes no mention of the email—or any records—relating to a mediation, distinguishing the instant matter from the case Defendant cites for support. *See Santana v. United States Navy*, No. 21CV1949-GPC(MDD), 2022 WL 14890205, at *3 n.6 (S.D. Cal. Oct. 25, 2022) (taking judicial notice of email by plaintiff's counsel to EEOC in part because FAC referenced similar *communications*).

Consequently, the Court **GRANTS** Defendant's RJN as to the CRD Charge and CRD Closure Notice but **DENIES WITHOUT PREJUDICE** the Request regarding the CRD Email.

        2. *Settlement Agreement*

Lastly, Defendant requests judicial notice of a "Confidential Settlement Agreement and Release of All Claims" signed by the Parties in November of 2022 (the "Settlement Agreement," RJN Ex. C). Defendant contends that the Settlement Agreement was incorporated by reference into the original Complaint and the exhibits submitted with it.[3]

---

[2] Plaintiff's administrative charge was received by the CRD and "sent to the EEOC for dual filing purposes." RJN Ex. A.

[3] The Court expresses no opinion here on whether the original Complaint, or its exhibits, incorporated the Settlement Agreement by reference. The Court only decides whether the FAC does so.

RJN at 4–5. And as the Court can take judicial notice of Plaintiff's earlier filings, Defendant argues, the Court can also note documents incorporated into them. *See id.*

The Court is not convinced. Taking judicial notice of earlier pleadings does not automatically incorporate their contents into an amended complaint. This is in part because an amended complaint generally "supercedes the original complaint and renders it without legal effect." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). But the Court also notes that "rule-established judicial notice" and "incorporation-by-reference" are not synonymous. *Khoja*, 899 F.3d at 1002. Both concepts allow courts "to consider materials outside a complaint, *but* each does so for different reasons and in different ways." *Id.* at 998 (emphasis added). The former "permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Id.* at 999 (quoting Fed. R. Evid. 201 (b)). The latter, on the other hand, allows courts to "treat[] certain documents as though they are part of the complaint itself." *Id.* at 1002.

Of course, when an *amended* complaint "contains extensive citations to records" attached to an earlier pleading, said records may be incorporated into that amended complaint. *Wyres v. Zhang*, No. 19-CV-2050, 2021 WL 3772387, at *6 (S.D. Cal. Aug. 25, 2021), *report and recommendation adopted*, 2022 WL 910216 (S.D. Cal. Mar. 9, 2022). But the rule works both ways; courts have declined to incorporate earlier filings—despite taking judicial notice of their existence—when an amended complaint neither mentions nor relies on them. *See, e.g.*, *Richson-Bey v. Moreno*, No. 1:21-CV-01294, 2023 WL 169387, at *4 (E.D. Cal. Jan. 12, 2023), *report and recommendation adopted*, 2023 WL 2696710 (E.D. Cal. Mar. 29, 2023).

Here, Plaintiff's FAC does not appear to reference any previously filed documents, let alone mention the Settlement Agreement. *See generally* FAC. Nor does Defendant claim that the FAC relies on the Settlement Agreement. *See generally* Mot.; RJN. The Court thus **DENIES WITHOUT PREJUDICE** Defendant's RJN as to the Settlement Agreement.

///

# MOTION TO DISMISS

Having now determined which documents are before it, the Court turns to Defendant's Motion to Dismiss.

## I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). This review requires a context-specific analysis that involves the Court's "judicial experience and common sense." *Id.* (citation omitted).

"In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint[] and draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive review pursuant to 12(b)(6), the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . could cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

## II. Analysis

Defendant moves for dismissal of the FAC on the grounds that (1) Plaintiff has failed to exhaust his administrative remedies, Mot. at 8–11; (2) Plaintiff's claims are time-barred, *id.* at 6–8; (3) Plaintiff has released all possible claims he may have against Defendant, *id.* at 11–17; and the FAC fails to state any claim upon which relief can be granted, *see id.* at 18–24. The Court addresses each argument in turn.

### A. Title VII and FEHA Claims

Defendant argues that any Title VII or FEHA claims the FAC may state should be dismissed because Plaintiff has failed to plead exhaustion of his administrative remedies. *See id.* at 8–11. For the reasons below, the Court agrees.

#### 1. Legal Framework

Though Defendant implies otherwise, *see id.* at 8, the exhaustion of administrative remedies under Title VII is not a jurisdictional issue. True, "to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 708 (9th Cir. 2001) (citation omitted). And, in *Sommatino*, the Ninth Circuit held that "substantial compliance" with Title VII's exhaustion requirement was "a jurisdictional prerequisite." *Id.* But the Supreme Court later clarified that "Title VII's charge-filing requirement is . . . *not* a jurisdictional prescription." *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1851 (2019) (emphasis added). So, as multiple courts

have concluded, *Sommatino*'s pronouncement is no longer good law. *See, e.g.*, *Williams v. Wolf*, No. 19-CV-00652-JCS, 2019 WL 6311381, at *6 (N.D. Cal. Nov. 25, 2019); *Minamoto v. Harker*, No. CV 20-00043 HG-KJM, 2021 WL 1618456, at *6–7 (D. Haw. Apr. 26, 2021).

On the other hand, administrative exhaustion is a jurisdictional prerequisite under FEHA. *Johnson v. City of Loma Linda*, 5 P.3d 874, 879 (Cal. 2000). *Fort Bend County* did not change the law in this regard. *See Brinker v. Axos Bank*, No. 22-CV-386-MMA (DDL), 2023 WL 4535529, at *12 (S.D. Cal. July 13, 2023).

The Court need not dwell on the above distinction between Title VII and FEHA, however, as it has little practical impact here. Though not jurisdictional, Title VII's exhaustion requirement remains a "mandatory claim-processing rule." *Fort Bend Cnty.*, 139 S. Ct. at 1851. A plaintiff must therefore "plead compliance with the requirement to state a claim upon which relief may be granted under [Rule] 12(b)(6)." *Thomas v. Sec'y of the U.S. Dep't of Veterans Affs.*, No. CV2102433JAKRAO, 2021 WL 3468937, at *3 n.3 (C.D. Cal. Mar. 25, 2021). And plaintiffs must do the same to state a FEHA claim. *See Freeman v. Cnty. of Sacramento Dep't of Hum. Assistance*, No. 219CV02418KJMCKDPS, 2020 WL 2539268, at *2 (E.D. Cal. May 19, 2020). The Court will therefore assess whether Plaintiff has sufficiently pleaded compliance with both Title VII's and FEHA's exhaustion requirements.

Courts conduct the same exhaustion analysis when evaluating claims brought under either statute. *See id.* ("[A] plaintiff who exhausts his administrative remedies under Title VII also exhausts his remedies under the FEHA."). To sufficiently plead compliance with the administrative exhaustion requirement, the allegations in Plaintiff's FAC must be "'like or reasonably related to the allegations' in an administrative complaint" submitted to the EEOC or CRD, "such that they would fall within 'the scope of an EEOC investigation which [could] reasonably be expected to grow out of the charge of discrimination.'" *Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1302 (N.D. Cal. 2020) (alterations in original) (quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990)).

Courts evaluating the similarity between judicial complaints and administrative charges consider several factors, including "the alleged basis of the discrimination, dates of discriminatory acts specified within the [administrative] charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (citation omitted). Courts should also "consider [a] plaintiff's civil claims to be reasonably related to allegations in [an administrative] charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.*

In its analysis, "the Court may look beyond the face of the FAC to public records concerning Plaintiff's [administrative] complaints." *Mattioda v. Bridenstine*, No. 20-CV-03662-SVK, 2021 WL 75665, at *5 (N.D. Cal. Jan. 8, 2021). In so doing, the Court notices only the existence of those records and does not accept as true any disputed facts therein. The Court also construes the language of Plaintiff's administrative charges "with the utmost liberality." *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). However, "there is a limit to such judicial tolerance when principles of notice and fair play are involved." *Id.*

### 2. Application

Defendant relies on the CRD Charge Plaintiff filed against Defendant on June 27, 2022. *See* Mot. at 9 (referring to RJN Ex. A). Defendant asserts that the CRD Charge contains none of the allegations Plaintiff makes in the FAC, and thus Plaintiff failed to administratively exhaust any claims the FAC might state. *See id.* at 9–11. In opposition, Plaintiff argues he pursued "all administrative remedies by filing with the EEOC and the DHFE [sic]." Opp'n at 3.[4]

After considering the *B.K.B.* factors, accepting all well-pled factual allegations in the FAC as true, and construing Plaintiff's filings liberally, the Court agrees with

---

[4] Pin citations to Plaintiff's Opposition to the Motion ("Opp'n," ECF No. 16) refer to the CM/ECF page numbers electronically stamped at the top of each page.

Defendant and finds that the FAC fails to sufficiently plead compliance with the exhaustion requirements of Title VII and FEHA.

Plaintiff's administrative charges and the FAC rest on different bases of discrimination. The FAC's subject matter is narrow. The FAC alleges that Plaintiff was "sexual[ly] assault[ed]" by a coworker and implies that Defendant improperly handled Plaintiff's accusation. *See generally* FAC. But Plaintiff's CRD Charge (RJN Ex. A),[5] the authenticity and contents of which Plaintiff does not dispute, makes no mention of sexual assault or harassment. Instead, the CRD Charge alleges that Plaintiff "was subjected to different terms and conditions of employment due to" his race, national origin, sexual orientation, and gender identity. *Id.* One of Plaintiff's own exhibits reinforces the lack of overlap between the CRD Charge and the FAC. In an email, Plaintiff's former counsel states that, out of "[t]he numerous prior complaints [Plaintiff] submitted against [Defendant], none . . . alleged sexual harassment." ECF No. 8 at 14.

Further, the FAC's allegations involve dates, perpetrators, and locations not mentioned in the CRD Charge. Plaintiff claims that he was assaulted by Lamar, *see* FAC at 3, but Lamar's name appears nowhere in the CRD Charge. The date of the assault, July 8, 2019,[6] is similarly absent from the CRD Charge. Also missing is any reference to the art gallery at which at least some of the events in the FAC allegedly took place.[7]

Accordingly, the Court finds that the allegations in the FAC are not "reasonably related" to those in the CRD Charge. The Court thus **GRANTS** Defendant's Motion to

---

[5] The FAC makes no mention of administrative filings. The Court notes, however, that Plaintiff attached an EEOC "Notice of Right to Sue" to his original Complaint. *See* ECF No. 1-3 at 1. That Notice relates to "EEOC Charge No. 488-2022-00362." *Id.* That identifier matches the charge number listed on the CRD Charge provided by Defendant, to which the Court refers. *See* RJN Ex. A.

[6] The FAC does not provide the year in which the assault took place. *See* FAC at 2. However, an exhibit attached to the FAC clarifies that the events in question took place in 2019. *See* ECF No. 8 at 14.

[7] The FAC does not specify where the assault took place, but it does allege that Lamar made sexual comments to Plaintiff and his coworkers while at an art gallery. *See* FAC at 2–3. Materials attached to Plaintiff's original Complaint suggest the alleged assault also took place there. *See* ECF No. 1-3 at 13.

Dismiss as to any Title VII and FEHA claims Plaintiff sought to bring in the FAC.[8] As the Court cannot conclude that doing so would be futile, the Court will grant Plaintiff leave to amend.

### B. Statute of Limitations

Defendant also contends that any common law claims that could be stated in Plaintiff's FAC are time barred. *See* Mot. at 7–8. Defendant points out that the alleged sexual assault occurred on June 8, 2019. *Id.* at 7. And, Defendant argues, because the applicable statute of limitations period in California is two years, Plaintiff is now time-barred from bringing tort claims based on that event. *See id.* at 8. The Court declines to rule on this issue at this stage in the litigation.

Unlike the administrative exhaustion requirements of FEHA and Title VII, "it is well-settled that statutes of limitations are affirmative defenses, not pleading requirements." *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), *overruled on other grounds by Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). A claim can thus be dismissed under Rule 12(b)(6) on statute of limitations grounds "only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)).

Even if a plaintiff's claim appears time-barred, a 12(b)(6) motion premised on statute of limitations grounds can be granted only if the complaint, "read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citation omitted). And notably, "California's test for equitable tolling requires a practical inquiry" and "is not generally amenable to resolution on a Rule 12(b)(6) motion." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993); *see also Daviton v. Columbia/HCA Healthcare Corp.*,

---

[8] Because the Court dismisses any Title VII and FEHA claims the FAC could state for Plaintiff's failure to plead exhaustion of his administrative remedies, the Court need not address Defendant's alternative argument that these claims are time barred. *See* Mot. at 6–8.

1  241 F.3d 1131, 1140 (9th Cir. 2001) ("[O]nly in the rare case could the inquiry proceed at
2  the pleading stage.").

3        As the Court cannot determine from the face of the pleadings whether Plaintiff is
4  unable to prove the timeliness of his action, the Court declines to dismiss Plaintiff's
5  potential common law claims on statute of limitation grounds. *See U.S. EEOC v. Glob.*
6  *Horizons, Inc.*, 860 F. Supp. 2d 1172, 1194 (D. Haw. 2012), *on reconsideration in part*,
7  No. CV 11-00257 DAE-RLP, 2012 WL 12883670 (D. Haw. May 31, 2012).

8        *C.    The Settlement Agreement*

9        Defendant next argues that the FAC must be dismissed because Plaintiff released
10 any possible claims he may have once had against Defendant in the Settlement Agreement.
11 *See* Mot. at 11, 16–17. But the Settlement Agreement is not before the Court because, as
12 discussed above, the FAC does not incorporate the Settlement Agreement by reference. In
13 its Motion to Dismiss, Defendant puts forth two alternate routes by which the Court might
14 consider the Settlement Agreement. As the Court declines to take either path, Defendant's
15 argument fails.

16       Defendant first tries to make the Settlement Agreement relevant by contending that
17 Plaintiff's "*verified* allegations incorporating the [document]" into the original Complaint
18 are "binding judicial admissions" that the Court can consider on a motion to dismiss. *Id.*
19 at 14. But the cases Defendant relies on do little to support this contention. The reasoning
20 Defendant pulls from *Ho v. City of Long Beach*, *Pub. Works*, for example, arises in the
21 context of a *summary judgment*—not a 12(b)(6)—motion. *See* No. 2:19-CV-09430,
22 2022 WL 17682677, at *3 (C.D. Cal. Oct. 24, 2022), *report and recommendation adopted*,
23 2022 WL 17670401 (C.D. Cal. Dec. 13, 2022). And while *Bou v. Cnty. of Riverside*
24 considered the question at issue here, the court ultimately decided not to answer it. *See*
25 No. EDCV 20-593, 2021 WL 3468941, at *1 n.3 (C.D. Cal. Mar. 24, 2021).

26       Defendant's final argument is similarly flimsy. Defendant urges the Court to
27 consider the Settlement Agreement under the "Sham Pleading Doctrine." Mot. at 15.
28 Interestingly, not one of the four federal cases Defendant cites uses the word "sham," let

alone "sham pleading doctrine," at all.[9]  The only case Defendant cites that *does* use that phrase comes from a California state court.  *See generally Tindell v. Murphy*, 232 Cal. Rptr. 3d 448 (Ct. App. 2018).  And *Tindell* does not help Defendant, as "[p]leading in federal court is governed by Federal Rules of Civil Procedure, not state pleading requirements." *Miller v. Sawant*, 18 F.4th 328, 337 (9th Cir. 2021).  Meanwhile, Defendant's federal authorities stand only for the proposition that courts need not ignore blatant inconsistencies between different complaints when evaluating a plaintiff's factual allegations.[10]  In this case, Court finds no "direct contradiction" between the FAC and the original Complaint.

As the Court will not consider the Settlement Agreement here, the Court declines to dismiss the FAC based on the alleged contractual release of Plaintiff's claims.[11]

### D. Dismissal under Rule 41

Defendant also seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).  Under that rule, "a defendant may move to dismiss [an] action" if "the plaintiff fails . . . to comply with [the Federal Rules of Civil Procedure]."  Fed. R. Civ. P. 41(b).  "Unless the dismissal order states otherwise," a dismissal under Rule 41(b) "operates as an adjudication on the merits."  *Id.*  As "[d]ismissal with prejudice

---

[9] *See generally Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595 (9th Cir. 2014); *Travelers Indem. Co. v. New Orleans Louisiana Saints, LLC*, 650 F. App'x 416 (9th Cir. 2016); *J. Edwards Jewelry Distrib., LLC. v. Wells Fargo & Co.*, No. 18-CV-03886, 2019 WL 2329248 (N.D. Cal. May 31, 2019); *Morales v. City and Cnty. of San Francisco*, 603 F. Supp. 3d 841 (N.D. Cal. 2022).

[10] *See Airs Aromatics*, 744 F.3d at 600 ("A party cannot amend pleadings to 'directly contradic[t] an earlier assertion . . . .'" (alteration in original) (quoting *Russell*, 893 F.2d at 1037)); *Travelers Indem. Co.*, 650 F. App'x at 418 (stating the same, verbatim); *J. Edwards Jewelry*, 2019 WL 2329248, at *4 (applying similar rule); *Morales*, 603 F. Supp. 3d at 846–47 (same).

[11] The Court notes that, even if it were inclined to consider the Settlement Agreement, factual issues more appropriately resolved at later stages of the case could remain.  Specifically, Plaintiff seems to raise a duress defense to the Settlement Agreement.  *See* Opp'n at 5.  Relatedly, and like Defendant's statute-of-limitations challenge, the existence of a contractual release of claims is an affirmative defense.  *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1008–09 (9th Cir. 2014).  So, while such releases can provide grounds for dismissal pursuant to Rule 12(b)(6), *see, e.g.*, *Marder*, 450 F.3d at 449, summary judgment is often the more appropriate vehicle for considering the issue.

of a complaint under Rule 41(b) is a harsh remedy," a "district court judge should first consider less drastic alternatives." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). One example of a "less drastic alternative" is allowing a plaintiff to file an amended complaint. *See id.*

Defendant contends that the FAC fails to comply with Federal Rule of Civil Procedure 10(b), under which "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Per Defendant, the FAC fails to "clearly present Plaintiff's claims" because it "does not use number paragraphs." Mot. at 25. But Defendant "overstate[s] the purpose of Rule 10(b)"; the rule was designed as a "guideline" to ensure that complaints "are simple, concise, and direct." *Wimbledon Fund v. Graybox, L.L.C.*, No. 215CV06633CASAJW, 2015 WL 7428513, at *6 (C.D. Cal. Nov. 19, 2015). Though the FAC lacks numbered paragraphs, its contents are broken up into short, separate paragraphs that seem to address discrete topics. As Plaintiff's failure to comply with Rule 10(b) contributes little to the FAC's defects, the Court declines to grant Defendant's Motion on this basis.

Defendant makes a stronger argument regarding Federal Rule of Civil Procedure 8. Pursuant to Rule 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The Supreme Court has interpreted the 'short and plain statement' requirement to mean that the complaint must provide 'the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). A complaint runs afoul of Rule 8 if "one cannot determine from [it] who is being sued, for what relief, and on what theory." *McHenry*, 84 F.3d at 1178.

Here, the FAC does not satisfy Rule 8's requirements. The Court has difficulty deciphering Plaintiff's pleadings, as many of his allegations appear disjointed. The FAC focuses almost entirely on a sexual assault, but the exhibits submitted with the FAC speak to seemingly unrelated events. That some of the numerous issues raised in the original

1  Complaint are not mentioned in the FAC—but do appear in the FAC's exhibits—further
2  complicates the task of understanding what claims Plaintiff seeks to bring.  Also, Plaintiff's
3  submissions contain many handwritten notes that are sometimes difficult to read.  *See*
4  *generally, e.g.*, FAC; ECF No. 8.  And perhaps most importantly, the FAC does not attempt
5  to identify theories of liability nor specify what relief Plaintiff seeks.

6  Accordingly, the Court **GRANTS** Defendant's Motion to dismiss the FAC for
7  failing to comply with Rule 8(a).[12]  As discussed below, this dismissal is **WITHOUT**
8  **PREJUDICE**.

## CONCLUSION

10  In light of the foregoing, the Court **GRANTS IN PART AND DENIES IN PART**
11  Defendant's Request for Judicial Notice (ECF No. 13-1), and **GRANTS** Defendant's
12  Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 13).  Nonetheless, the
13  Court will not dismiss Plaintiff's claims with prejudice.  *See e.g.*, *Polich v. Burlington N.*
14  *Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991) ("Dismissal without leave to amend is improper
15  unless it is clear . . . that the complaint could not be saved by any amendment." (citation
16  omitted)).  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's
17  First Amended Complaint (ECF No. 6) and **GRANTS** Plaintiff **LEAVE TO AMEND**.

18  To that end, Plaintiff **MAY FILE** an amended complaint within <u>forty-five (45) days</u>
19  of the date of this Order.  Any amended complaint must cure the deficiencies noted above
20  and be complete in itself without reference to Plaintiff's original Complaint or First
21  Amended Complaint, or the exhibits attached thereto.  *See* S.D. Cal. CivLR 15.1.  Any
22  claim not realleged in Plaintiff's amended complaint will be considered waived.  *See Lacey*,
23  693 F.3d at 928 (noting that claims dismissed with leave to amend that are not realleged in
24  an amended pleading may be "considered waived").  ***Failure to file within the specified***

---

[12] In the Motion, Defendant also argues that the FAC fails to state claims under Title VII or FEHA for retaliation or hostile work environment sexual harassment.  *See* Mot. at 18–23.  But as it is not clear from the FAC what claims Plaintiff wishes to bring or what relief he seeks, the Court declines to reach those arguments.

*time period may result in this case being dismissed with prejudice.* See Edwards v. Marin Park, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that it will not do so—is properly met with the sanction of a Rule 41(b) dismissal.").

**IT IS SO ORDERED.**

Dated: November 13, 2023

Hon. Janis L. Sammartino
United States District Judge